UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
SOUTHERN DIVISION

| | | |
|---|---|---|
| PRAIRIE FARMS DAIRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CHAUFFEURS, TEAMSTERS, WAREHOUSEMEN AND HELPERS LOCAL UNION 525, | ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| CENTRAL CONFERENCE OF TEAMSTERS, | ) ) | |
| | ) | |
| Defendants. | ) | |

### Complaint to Vacate Labor Arbitration Award

Plaintiff Prairie Farms Dairy, Inc. seeks an order vacating a labor arbitration award pursuant to the Labor Management Relations Act by stating:

### Introduction

This case involves a discharge arbitration between Plaintiff Prairie Farms Dairy, Inc. and the Defendant Unions. Former Employee Terry Laney ("Grievant") was discharged for insubordination and for threatening a supervisor that he would "whip his ass." Grievant was discharged after he threatened his supervisor. He then filed a grievance, which was arbitrated earlier this year.

The issue submitted to the Arbitrator was "whether Prairie Farms had just cause to discharge an employee and if not, what is the appropriate remedy."

1

The Arbitrator held that the Grievant's conduct was serious just cause for his discharge. However, instead of upholding the discharge as the Parties' collective bargaining agreement required, he instead elected to reinstate the Grievant without backpay. In so doing, the Arbitrator exceeded the scope of his authority under the collective bargaining agreement, which does not give the Arbitrator authority to mitigate a discharge if serious just cause for discharge exists.

As a result, this Court should issue an Order vacating the portion of the Arbitration Award reinstating the Grievant.

### Parties

1. Plaintiff Prairie Farms Dairy, Inc. ("Prairie Farms") is an Illinois corporation with its principal place of business located in Edwardsville, Illinois.

2. Defendant Chauffeurs, Teamsters, Warehousemen and Helpers Local Union 525 ("Teamsters Local 525") is a labor organization with an office located in Alton, Illinois.

3. Defendant Central Conference of Teamsters ("Central Conference") is a labor organization with an office located in Champaign, Illinois.

4. Teamsters Local 525 and Central Conference (collectively "Defendants") are the bargaining representative of certain employees of Plaintiff, including the Grievant.

## Jurisdiction and Venue

5. This Court has personal jurisdiction over Defendants as they reside within the State of Illinois and their officers and agents represent or act for their members in this District pursuant to 29 U.S.C. § 185(c).

6. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claim against Defendants arises pursuant to the Labor Management Relations Act, 29 U.S.C. §§ 141-197 (Westlaw 2019) ("LMRA")

7. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because Defendants or their agents may be found within the Southern District of Illinois and the Arbitration Award being challenged was issued following a hearing within this Court's geographic jurisdiction.

## Factual Background

8. Prairie Farms was party to a collective bargaining agreement known as the Master Dairy Agreement ("MDA") with Defendants that was in effect from May 1, 2014 through April 30, 2019. A true and accurate copy of the Master Dairy Agreement is attached as *Exhibit A*.

9. Prairie Farms was also party to a collective bargaining agreement known as the Local Addendum with Teamsters Local 525 that was in effect from August 1, 2015 through July 31, 2019. A true and accurate copy of the Local Addendum is attached as *Exhibit B*.

10. Defendants are labor organizations representing a number of Prairie Farms' employees in Granite City, Illinois.

11. On April 4, 2018, the Grievant was late returning from his scheduled break.

12. One of the Grievant's supervisors realized that the break had gone on too long and stopped in the breakroom to attempt to verbally counsel Grievant regarding the breaktime policy.

13. The Grievant admitted that he took a longer break than allowed and then he invited his supervisor to write him up regarding the infraction before he turned his back on his supervisor and walked away.

14. When his supervisor caught up with the Grievant to continue their conversation, the Grievant threatened him with physical violence.

15. After getting in the supervisor's face, the Grievant told him that the supervisor was "soft," threatened to "whip his ass" and insisted that he "didn't give a damn about [the supervisors'] red shirts" (a reference to the red shirts worn by supervisors).

16. The Company's written work rules state that an employee can be terminated without warning for "[i]nsubordination, including disobedience, or refusal to carry out assignments or instructions" and for "[t]hreatening, intimidating, interfering with, or using abusive language towards others."

17. The MDA states that the Company can immediately discharge an employee without warning for "serious just cause."

18. The Grievant was discharged on April 10, 2018 for serious just cause.

19. The Grievant protested his discharge and filed a written grievance.

20. Pursuant to the terms of the MDA, this grievance was submitted to arbitration.

21. The parties selected Arbitrator Robert A. Gray to resolve the following issues: (1) was the grievant discharged for serious just cause; and, <u>if not</u> (2) what is the appropriate remedy.

22. On January 23, 2019, an arbitration hearing was held by Arbitrator Gray.

23. On August 30, 2019, Arbitrator Grey rendered his Award, a true and accurate copy of which is attached as *Exhibit C*.

24. In his Award, Arbitrator Grey held that the Company had serious just cause to discharge the Grievant.

25. Despite this unambiguous finding, Arbitrator Grey then exceeded his authority under the terms of the MDA and ordered that the Grievant be reinstated without back pay.

26. Arbitrator Gray exceeded his authority under the Contracts and the issues submitted to him because he had no authority to order reinstatement after he determined the Company had serious just cause to discharge the Grievant.

27. Arbitrator Gray's award should be vacated as a result.

## Count I
## Request to Vacate Arbitrator Grey's Award Pursuant to LMRA

28. Prairie Farms incorporates the allegations of all preceding paragraphs as its allegations in support of Count I against Defendants.

29. Section 301 of the Labor Management Relations Act permits courts to vacate arbitration awards where those awards do not draw their essence from the collective bargaining agreement (such as when the arbitrator acts beyond the scope of the arbitrator's contractual authority). *See, e.g., U.S. Soccer Fed., Inc. v. U.S. Nat'l Soccer Team Players Assoc.*, 838 F.3d 826, 831-32 (7th Cir. 2016).

30. In this case, Arbitrator Grey acted in excess of his authority by reinstating the Grievant after he determined that the Company had serious just cause to discharge the Grievant. *Northern States Power Co., Minnesota v. IBT, Local 160*, 711 F.3d 900, 902 (8th Cir. 2013); *Concourse Association v. Fishman*, 399 F.3d 524, 526 (2d Cir. 2005).

31. The Master Dairy Agreement allows the Company to discharge an employee without warning if it determines that there is serious just cause.

32. The Master Dairy Agreement does not permit an arbitrator to determine that serious just cause exists, but nonetheless overturn the discharge.

33. The Parties' submitted issues likewise did not allow the Arbitrator to reinstate the Grievant following a finding of just cause. *Exhibit C.*

WHEREFORE, Plaintiff respectfully requests this Court's entry of a judgment and decree vacating the award of Arbitrator Grey to the extent that it

orders Prairie Farms to reinstate Grievant and for such other relief as the Court deems just and appropriate.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:  /s/ Matthew B. Robinson
     Andrew J. Martone, #6203524
     Matthew B. Robinson, #6283854
     530 Maryville Centre Drive, Ste. 250
     St. Louis, MO 63141
     (314) 862-0300 – Telephone
     (314) 862-7010 – Facsimile
     andymartone@hessemartone.com
     mattrobinson@hessemartone.com

*Attorneys for Defendant*
*Prairie Farms Dairy, Inc.*